UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                              13-CR-811 (ALC)

           - against -

                                                                            ORDER DENYING
                                                                                COMPASSIONATE RELEASE

WASHINGTON ORDONEZ,

                   Defendant.
------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

                                          BACKGROUND

       On April 18, 2017, I sentenced Mr. Ordonez to 47 months custody, related to his role in a conspiracy to burglarize pharmacies, steal prescription opiates and resell them on the street. Prior to his arrest, he had worked sporadically. At the time Ordonez committed the offense, he was on parole.

       On June 9, 2020, Ordonez made an administrative request for compassionate release based on his suffering from migraines. The Warden denied it on June 12, 2020. On February 11, 2021, Ordonez—through counsel—filed this motion for compassionate release, seeking compassionate release based on his fear of contracting COVID 19, even though he previously tested positive for COVID on December 8, experiencing no symptoms and being declared COVID free on January 4, 2021. Moreover, on February 9, 2021, Ordonez was offered the COVID 19 vaccine, but he refused to take it.

       The government responded on February 22, 2021; Ordonez filed his reply on February 23.

       The government opposes Ordonez' compassionate release motion, claiming that he failed to exhaust administrative remedies, that he hasn't demonstrated extraordinary and compelling reasons, and that the factors listed in 18 U.S.C. § 3553(a) counsel against release.

DISCUSSION

A)     LEGAL STANDARDS

A defendant may make a motion for compassionate release to a district court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582.(c)(1)(A)(i).

If the defendant has exhausted all administrative rights, "A court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553 (a) to the extent they are applicable, if it finds that extraordinary and compelling circumstances warrant such a reduction... " 18 U.S.C. § 3582.(c)(1)(A).[1]

B)     ANALYSIS

Ordonez has not exhausted his administrative remedies.  His request to the Warden stated,

"AFTERNOON SR. IM SEEKING COMPASSIONATE RELEASE. I HAVE A HISTORY OF MIGRAIN HEADACHE. PLZ GET BACK TO ME ASAP.  THANK YOU!!!!" (Government's Opposition, Exhibit A)

The request didn't mention COVID 19 at all.  Since the BOP wasn't on notice of the grounds for compassionate release he now raises, his request is unexhausted. "[C]ourts have specifically refused to consider the impact of COVID-19 on a defendant if that issue was not raised before BOP." United States v. Gotti, 2020 U.S. Dist. LEXIS 243886 At *7 (citing cases).

---

[1] Although 3582 also requires that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commision, the Second Circuit has held that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person may bring before [the court] in motions for compassionate release." and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1,13, limits the district court's discretion." 976 F.3d 228, 2020 WL 5739712, at *7.

Even if the request were exhausted, the facts have not developed in a way that is helpful to Ordonez' motion.  As mentioned above, he already contracted COVID 19 and experienced no symptoms.  He was declared COVID free in January 2021, and, most important, he has refused to accept a vaccine offered at the facility.  The facility has offered a vaccine that would provide protection against him developing serious symptoms from contracting COVID 19.  His refusal to take the vaccine belies his not only his fear of developing serious complications from COVID 19, but also his concern that the facility cannot protect his health as it relates to COVID 19.  Ordonez has not established extraordinary and compelling reasons justifying release.

Furthermore, the factors listed in 18 U.S.C. § 3553(a) counsel against release.  He has had an employment history, working for short periods of time, before engaging in this conduct.  He chose to commit this crime despite other economic opportunities available to him.  In addition, at the time he committed the crime, he was on parole.  There was—and is—a need to continue to provide specific deterrence in this case.  The motion is denied.

**SO ORDERED.**

**Dated: March 8, 2021**
      **New York, New York**

                                                                                        **  /s/ Andrew L. Carter, Jr.**
                                                                                        **ANDREW L. CARTER, JR.**
                                                                                        **United States District Judge**